**ADVANCED CARDIOVASCULAR SYSTEMS, INC., a California corporation, Plaintiff,**

v.

**SCIMED LIFE SYSTEMS, a Minnesota corporation, Defendant.**

**No. C 96–00946 CW.**

United States District Court, N.D. California.

Sept. 7, 1999.

**1258**

Richard H. Abramson, Heller Ehrman White & McAuliffe, Palo Alto, CA, Timothy J. Malloy, Gregory J. Vogler, Edward A. Mas, II, David D. Headrick, James M. Hafertepe, Leland G. Hansen, Stephen H. Bean, Alejandro Menchaca, Sandra A. Frantzen, McAndrews Held & Malloy, Chicago, IL, for Advanced Cardiovascular Systems, Inc.

Philip S. Johnson, Steven B. Samuels, Barbara L. Mullin, Kevin M. Flannery, Henrik D. Parker, Woodcock Washburn Kurtz Mackiewicz & Norris, Philadelphia, PA, David Eiseman, Quinn Emanuel Urquhart Oliver & Hedges LLP, Palo Alto, CA, David R. Bailey, Woodcock Washburn Kurtz Mackiewicz & Norris LLP, Philadelphia, PA, Robert C. Heim, Dechert Price & Rhoads, Philadelphia, PA, for SciMed Life Systems, Inc.

Martin R. Glick, San Francisco, CA, pro se.

ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE A REPLY, DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL RECONSIDERATION, AND AMENDING ORDER OF JUNE 22, 1999

WILKEN, District Judge.

Pursuant to Civil Local Rule 7–9(b), Defendant SciMed Life Systems (SciMed) moves for leave to file a motion for partial reconsideration of the Court's Order of June 22, 1999, and for leave to file a reply in support of that motion. Plaintiff Advanced Cardiovascular Systems, Inc. (ACS) opposes both motions. Having considered all the papers filed by the parties, the Court denies SciMed's motions, but amends its June 22, 1999, Order.

## DISCUSSION

1. Legal Standard

Civil Local Rule 7–9(b) lists three grounds for filing a motion for reconsideration:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought. The party shall also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the court to consider material facts which were presented to the court below before such interlocutory order.

Civ.L.R. 7–9(b)(1)–(3).

2. Obviousness

SciMed moves for leave to file a motion for reconsideration of the Court's holding that U.S. Patent No. 5,496,275 (the Sirhan patent) is not obvious in light of the prior art references cited by SciMed. In support of its motion, SciMed argues that the Court erred in requiring that the motivation to combine the prior art references be expressly contained in these references. SciMed further contends that the Court manifestly failed to consider Dr. Drasler's declaration, in which he stated that one skilled in the art would find the motivation

for combining the prior art references in the actual language of those references.

ACS, conversely, argues that SciMed's motion violates Civil Local Rule 7–9(b) because it repeats arguments previously raised and presents new arguments without providing any explanation for failing to raise them earlier. In addition, ACS contends that the Order of June 22, 1999, properly rejected Dr. Drasler's testimony as conclusory and factually unsupported. ACS also argues that, in his testimony, Dr. Drasler improperly uses the Sirhan patent as a template for his obviousness analysis.

As a preliminary matter, ACS is correct that much of SciMed's motion violates Civil Local Rule 7–9(b) both by repeating arguments previously made and by moving for reconsideration on the grounds of purported legal error. *See* Civ.L.R. 7–9(b). Nonetheless, because SciMed's motion identifies several ambiguities in the Order of June 22, 1999, the Court will address the merits of SciMed's arguments, notwithstanding the improper form of the motion.

In its motion for leave to file a motion for reconsideration, SciMed misconstrues the Court's holding in regard to SciMed's obviousness claims. The Court did not hold that the prior art references must "explicitly recite a suggestion that they be combined." SciMed Motion at 1:15–16. Instead, the Court simply held that SciMed must present admissible evidence of some suggestion or motivation to combine the references. *See* Order of June 22, 1999, at 18–20; *see also SmithKline Diagnostics v. Helena Laboratories Corp.,* 859 F.2d 878, 887 (Fed.Cir.1988).

 SciMed is correct that, in determining whether a patent is obvious in light of prior art, the Court may look to the language of the prior art references, as filtered through the knowledge of one skilled in the art, to derive the necessary motivation to combine prior art references. *See, e.g., Motorola, Inc. v. Interdigital Technology Corp.,* 121 F.3d 1461, 1472 (Fed.Cir.1997). SciMed is also correct that expert testimony may be sufficient

evidence, of the knowledge of one skilled in the art and of the motivation to combine prior art references, to withstand summary judgment. *See, e.g., Pfaff v. Wells Electronics, Inc.,* 124 F.3d 1429, 1439 (Fed. Cir.1997), *aff'd,* 525 U.S. 55, 119 S.Ct. 304, 142 L.Ed.2d 261 (1998). However, SciMed must present more than conclusory and factually unsupported assertions by an expert witness. *See Barmag Barmer Maschinenfabrik A.G. v. Murata Mach., Ltd.,* 731 F.2d 831, 836 (Fed.Cir.1984) ("party opposing the motion must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant. Mere denials or conclusory statements are insufficient").

SciMed's evidence of such a suggestion or motivation consists only of the language of the prior art references and Dr. Drasler's testimony, in which he states that one skilled in the art would possess the motivation to combine the prior art references. Contrary to SciMed's contention, the Court considered both the language of the prior art references cited and Dr. Drasler's declaration. Indeed, the Court found that, on its face, the language of the prior art references provided no cognizable suggestion to combine the references. The Court expressly determined that Dr. Drasler's expert opinion on the issue of obviousness consists merely of conclusory assertions and that Dr. Drasler failed to provide any evidence that, without the benefit of viewing the Sirhan patent, one skilled in the art would have been motivated to combine these widely-varying types of catheters in such a manner as to render the Sirhan patent obvious. *See* Order of June 22, 1999, at 19–20; *see also* Drasler Expert Report at ¶¶ 60–91, 122–74.

In addition, Dr. Drasler's declaration and deposition exhibit a marked tendency improperly to "pick and choose" elements from among disparate types of catheters and, with explicit reference to the Sirhan patent, to establish obviousness with "hindsight." *See, e.g.,* Drasler Dep. at

121:5–14, 124:2–15. Thus, in Dr. Drasler's analysis, the motivation to combine these prior art references appears to derive not from the knowledge of one skilled in the art or from the actual language of the prior art references, but rather from the Sirhan patent itself. Under controlling Federal Circuit precedent, Dr. Drasler's testimony is thus insufficient to preclude summary judgment. *See In re Rouffet,* 149 F.3d 1350, 1357 (Fed.Cir.1998)(party seeking to demonstrate obviousness may not "use the claimed invention itself as a blueprint for piecing together elements in the prior art to defeat the patentability of the claimed invention"); *SmithKline,* 859 F.2d at 887 (party seeking to demonstrate obviousness must "show some teaching or suggestion in the references to support their use in the particular claimed combination" and "cannot pick and choose among the individual elements of assorted prior art references to recreate the claimed invention"); *Kahn v. General Motors, Corp.,* 135 F.3d 1472, 1476 (Fed.Cir.), *cert. denied,* 525 U.S. 875, 119 S.Ct. 177, 142 L.Ed.2d 144 (1998)("Obviousness may not be established by hindsight").

Because the Court considered Dr. Drasler's testimony, and properly declined to credit his opinion because it was conclusory and based on hindsight, there was no "manifest failure" on the part of the Court to consider material facts. *See* Civ.L.R. 7–9(b)(3). SciMed's motion for leave to file a motion for reconsideration of the Court's decision, granting ACS' motion for summary judgment on SciMed's claims of obviousness, is thus denied.

### 3. Anticipation by the Yock '868 Patent

SciMed also moves for reconsideration of the Court's holding that the Sirhan patent is not anticipated by U.S. Patent No. 5,769,868 (the Yock '868 patent). Specifically, SciMed maintains that the Court improperly conflated the distal section and oblong-shaped section claim limitations and, as a consequence, erroneously construed both the Yock '868 patent and the Sirhan patent. SciMed further contends that the Court sua sponte construed the Yock '868 patent in a manner inconsistent with both parties' interpretations of that patent and the Court's prior claim construction.

ACS argues that, because the oblong-shaped section of the Yock '868 patent remains in the guide catheter and the oblong-shaped section of the Sirhan patent is the only portion of the distal section to exit the guide catheter, the Court correctly determined that the Sirhan patent is not anticipated by the Yock '868 patent. ACS also asserts that SciMed's evidence of ACS's purported interpretation of the Yock '868 patent was not previously part of the record and that, on a motion for reconsideration, SciMed should not be permitted to submit new evidence in regard to an issue previously raised and addressed by the Court.

SciMed is correct that, in its Order of June 22, 1999, the Court confusingly conflated the distal section and the oblong-shaped section claim limitations.[1] *See generally* Order of June 22, 1999, at 17:8–18:6. In the Sirhan patent, the oblong-shaped section is "at least 10 cm" in length and is part of the distal section of the catheter. Sirhan Patent at 8:14–28. In the Order of June 22, 1999, the Court found a dispute of fact as to the length of the oblong-shaped transition section of the Yock '868 patent. *See* Order of June 22, 1999, at 15–17. Although the Court also found that the oblong-shaped section of the Yock '868 patent constitutes the transition to the distal section, not part of the distal section, *see id.* at 17:11–15, the Court now finds that it is not necessary to address this issue. The Court's finding that, according to the express language of the patent specifications,

---

1. The Court uses the term "oblong-shaped section," which is present in neither the Sirhan patent nor the Yock '868 patent, to refer to the claim limitation of a "transverse cross-section of the distal section along the said length being substantially larger in a first direction than in a second direction perpendicular to the first direction." Sirhan Patent at 8:25–28.

the Yock '868 patent's oblong-shaped section always remains in the guiding catheter, while the oblong-shaped portion of the Sirhan patent is the only portion of the catheter that exits the guiding catheter and enters the patient's coronary anatomy, is sufficient to preclude a finding that the Sirhan patent is anticipated by the Yock '868 patent.

The Court, therefore, amends its Order of June 22, 1999, as follows: The section beginning on page seventeen at line eight and ending on page eighteen at line six is hereby deleted. This section is replaced with the following:

The Court agrees with ACS that the oblong-shaped section depicted in figures 3A and 3B of the Yock specification differs materially from the oblong-shaped portion of the distal section of the Sirhan patent. The Yock '868 patent's oblong-shaped "transition region remains in the guiding catheter and out of the coronary artery," Yock '868 Patent at 3:17–23, while the oblong-shaped portion of the Sirhan patent "is the only portion of the catheter body proximal to the balloon which exits the guiding catheter and enters the patient's coronary anatomy." Sirhan Patent at 7:62–67. This distinction is particularly cogent because the Sirhan patent's express claim to novelty is an increase in the flexibility and the pushability of the catheter in precisely the oblong-shaped portion of the distal section which leaves the guide catheter and navigates the tortuous coronary arteries. *See* Sirhan Patent at 2:29–42, 3:6–21. Because the Court finds that the oblong-shaped section of the Yock '868 patent is not the same as the oblong-shaped portion of the distal section of the Sirhan patent, ACS' motion for summary judgment that claims one, four, six, nine, ten, and eleven of the Sirhan patent are not anticipated by the Yock '868 patent is granted.

2. Because the Court deletes the specified portions of the Order of June 22, 1999, SciMed's ex parte motion to file a reply, in which it seeks to demonstrate that the Court's errone-

Accordingly, SciMed's motion for leave to file a motion for reconsideration of the Court's prior Order, granting ACS' motion for summary judgment on SciMed's claim of anticipation by the Yock '868 patent, is denied.[2]

## CONCLUSION

For the foregoing reasons, SciMed's motions for leave to file a reply (Docket # 372) and for leave to file a motion for partial reconsideration (Docket # 368) are denied. The Order of June 22, 1999, is amended as set forth herein.

IT IS SO ORDERED.

ous assertions are contrary to both parties' interpretations of the Sirhan patent and the Yock '868 patent, is denied as moot.